UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PHILIP TIPPETT, Individually
and on behalf of all others similarly
situated and INGRID TIPPETT,
Individually and on behalf of all
others similarly situated,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　Case No. 5:20-cv-342-BJD-PRL

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 54), Defendant's Response in Opposition (Doc. 55), and Plaintiffs' Motion for Leave to File Reply (Doc. 56); and the Report and Recommendation (Doc. 49; Report) entered by the Honorable Philip R. Lammens, United States Magistrate Judge, Plaintiffs' Objections (Doc. 51; Objection); and Defendant's Response (Doc. 53; Response). In the Report, the Magistrate Judge considered Defendant's Motion to Dismiss (Doc 32) and the resultant briefing (Docs. 37, 39, and 42). The Magistrate Judge recommended that Defendant's Motion to Dismiss be granted and this case be dismissed. Report at 15.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). If, on the other hand, a party files an objection, the district judge must conduct a de novo review of the portions of a magistrate judge's report and recommendation to which the party objects. Kohser v. Protective Life Corp., 649 F. App'x 774, 777 (11th Cir. 2016); 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3) (on dispositive matters, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). The Court reviews de novo the Magistrate Judge's proposed findings of fact and legal conclusions to which Plaintiffs objected. 28 U.S.C. § 636(b)(1). Upon de novo review, the Court finds no error in the Report and the Report is due to be adopted.

Plaintiffs filed their Motion to Amend on July 16, 2021, or 6 weeks after entry of the Report. Notably, the deadline by which the parties could amend their pleadings was November 6, 2020. (Doc. 29 at 1). "[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). This means Plaintiffs were

required to show good cause for their untimely amendment. See Valpak Direct Mktg. Sys., Inc. v. Maschino, 349 F. App'x 368, 370 (11th Cir. 2009). The "good cause" standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa, 133 F.3d at 1418 (internal quotations omitted).

Plaintiffs have made no such showing. In fact, Plaintiffs failed to once mention Rule 16 or good cause in their Motion.[1] Plaintiffs fail to explain how the purported amendment would remedy the fatal flaws noted by the Magistrate Judge. Plaintiffs also fail to explain why any newly discovered evidence upon which Plaintiffs bases amendment could not have been discovered or known before the amendment deadline. See Pugh v. Kobelco Const. Mach. Am., LLC, 413 F. App'x 134, 136 (11th Cir. 2011) (affirming denial of a motion to amend where based on facts that could have been discovered and alleged within the amendment deadline). Further after review of the proposed second amended complaint (Doc. 54.1) the Court does not see why Plaintiffs could not have sought timely amendment.

Most problematically, Plaintiffs cannot show that Defendant, the Court, and the public at large would not be harmed by amendment. Plaintiffs

---

[1] In Plaintiffs' Motion for Leave to File a Reply, Plaintiffs do reference Rule 16, but there was no reason Plaintiffs could not have asserted the appropriate standard in their Motion nor do Plaintiffs explain how they will show good cause or how the evidence later discovered was necessary before Plaintiffs could file their motion to amend.

refused to file a second amended complaint in response to Defendant's well-posited Motion to Dismiss. Plaintiffs could have sought to amend their Amended Complaint, but Plaintiffs chose to defend it instead. Only after dismissal was recommended—to which Plaintiffs objected—did Plaintiffs seek amendment. This wait-and-see approach encourages parties to test a legal theory, and if an unfavorable outcome results, simply seek amendment. The prejudice to Defendant is clear, and so is the delay that inures to other deserving litigants. See Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co., 470 F.3d 1036, 1042 (11th Cir. 2006) (affirming the district court's denial of a motion to amend, in part, because "failing to raise these issues previously . . . [the defendant], the Eleventh Circuit, and [the district court] in a position where issues in this case are being resolved in a piecemeal fashion with no logical conclusion[ ]").

Accordingly, after due consideration, it is

**ORDERED:**

1. The Report and Recommendation (Doc. 49; Report) is **ADOPTED.**[2]

2. Defendant's Motion to Dismiss (Doc 32) is **GRANTED.**

---

[2] The Court agrees with the Magistrate Judge that no hearing was necessary for resolution of Defendant's Motion to Dismiss.

- 5 -

3. Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 54) and Plaintiffs' Motion for Leave to File Reply (Doc. 56) are **DENIED**.

4. This case is **DISMISSED without prejudice**. The Clerk of the Court shall close the file and terminate any pending motions.

**DONE** and **ORDERED** in Jacksonville, Florida this 24th day of September, 2021.

_____
BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

The Honorable Philip R. Lammens
United States Magistrate Judge

Counsel of Record